UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DOUG N. ZOLTANI**,                             Case No. 3:11 CV 1900

       Plaintiff,                             Judge James G. Carr

     v.                                                 REPORT AND RECOMMENDATION

**COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.                            Magistrate Judge James R. Knepp, II

### INTRODUCTION

Plaintiff Doug Zoltani appealed the administrative denial of Disability Insurance Benefits (DIB) under 42 U.S.C. § 405(g). The district court adopted a Report and Recommendation and remanded the case to the agency pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21). Plaintiff has moved, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for attorneys' fees in the amount of $2,857.40 and costs of $20.50.[1] (Doc. 22). This motion was referred to the undersigned for the filing of a report and recommendation pursuant to Local Rule 72.2. (Non-document entry dated October 31, 2012).

Defendant does not dispute the propriety of an award of fees under the EAJA. Rather, he contends the application is excessive, in that it seeks compensation at an hourly rate in excess of the $125 per hour cap set forth in 28 U. S. C. § 2412 (d)(2)(A)(ii).

For the reasons given below, the undersigned recommends the motion be granted.

---

1. The original application seeks $2,493.40, with supplemental fees incurred in connection with the instant motion of $364. (Doc. 24).

**DISCUSSION**

The EAJA directs courts to award fees and expenses to parties who prevail against the United States in litigation if, among other conditions, the government's position was not "substantially justified." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990). Congress, concerned that people would be reluctant to pursue litigation against the government, implemented the EAJA to defray or eliminate the costs of fighting unreasonable governmental action. *Sullivan v. Hudson*, 490 U.S. 877, 883 (1989).

**Attorney's Hourly Rate**

The EAJA states: "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U. S. C. § 2412 (d)(2)(A)(ii). Zoltani requests attorney's fees at $182.00 per hour, arguing the increased cost of living since Congress last amended the EAJA in 1996 justifies a higher hourly rate. (Doc. 19, at 3; Doc. 22-3).

Defendant contends Plaintiff has failed to show how this increased rate is reasonable. (Doc. 23, at 3). He argues Plaintiff is relying solely on the Consumer Price Index (CPI) to justify a cost of living increase. While acknowledging that the Sixth Circuit has held courts can, but are not required to, approve higher fees based upon the cost of living, (Doc. 23, at 3) (citing *Chipman v. Sec'y of HHS*, 781 F.2d 545, 547 (6th Cir. 1986)), Defendant commends to the Court the decision in *Bryant v. Comm'r of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009), where the court held it was not an abuse of discretion to refuse to approve a fee inflated solely by the CPI. (Doc. 23, at 3). Defendant also cites *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), to support the

argument that plaintiff must do more than simply cite the CPI to justify an increase in the statutory maximum. (Doc. 23, at 4).

This very court has, at least on two occasions, rejected the argument again advanced by Defendant in this instance.

> In a decision in *Elson v. Commissioner*, No. 3:11CV183 (N.D. Ohio Aug. 27, 2012) (Doc. 22), I considered and rejected the same arguments that the Commissioner makes here again. I reject those arguments in light of the evidence of record, for the reasons I stated in Elson . . . , and for the additional reasons I state here.
>
> \*\*\*
>
> The *Elson* materials included a 2010 nation-wide study of law firm economics. That study showed, *inter alia*, that the national consumer price index, with a 1985 basis, increased from 150 to 210 between 1986 and 2010, and lawyers' expenses increased to a similar extent, while billing rates increased overall nationally from 150 to 300. In the general region of which Ohio is a part, rates rose from $225 to $325 an hour, and for small firms (two to eight lawyers) nationally from $200 to $300 an hour. (*Elson*, supra, Doc. 23-1, at pp. 124-258).

*Draper v. Com'mr*, No. 3:11CV2287 (N.D. Ohio March 15, 2013); (Doc. 24, at 2-3).

Plaintiff also supplements the CPI information with a summary of counsel's qualifications and, in his Reply, with the same law firm economics materials the court considered in *Elson*. Upon a review of all the foregoing, consistent with the findings in *Elson* and *Draper*, the undersigned finds, and therefore recommends, an upward adjustment of the fee cap for the work performed in this case, to the requested amount of $182 per hour, is entirely appropriate. As Judge Carr concluded in *Draper*:

> I find, accordingly, that the requested rate of $189.50 is justified in light of counsel's skill and experience, and well within the prevailing norm for others practicing in the same area of the law and region of the state and country.
>
> Nonetheless, the Commissioner urges me to adopt the more restrictive view taken by some of my colleagues, and, thus ignore the data plaintiff's counsel has provided and, in effect, abandon my ruling in Elson. I decline to do so: indeed, that decision,

and now this, stand, until the Sixth Circuit tells me otherwise, as precedent that I anticipate following in similar cases in the future.

*Id.* at 4.

## CONCLUSION AND RECOMMENDATION

Plaintiff's Motion for Attorney Fees requesting 13.7 hours for the successful appeal and fee motion and an additional 2 hours for the reply memorandum, which the undersigned finds to be completely reasonable, charged at a rate of $182, which is also reasonable as an inflation-adjusted hourly rate, is well taken. The undersigned recommends that it be granted, awarding Plaintiff $2857.40 in fees together with the requested $20.50 in costs.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).